ANSORGE v. MORIARTY et al.

(Supreme Court, Appellate Term. April 10, 1907.)

CONTRACTS—ACTION FOR BREACH—SUFFICIENCY OF EVIDENCE.

Where, in an action for breach of contract, plaintiff was his sole witness, and upon all material points was completely contradicted by defendant, who was corroborated by another witness, plaintiff did not sustain his burden of proof, and a judgment in his favor was unwarranted.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Percy I. Ansorge against John L. Moriarty and another. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

James Foster Milliken, for appellants.

Myron Sulzberger, for respondent.

ERLANGER, J. The judgment entered in favor of plaintiff cannot be sustained. He was his sole witness, and upon all material points was completely contradicted by the defendant Moriarty. The burden of proof was not sustained by him. As between the parties the evidence simply consists of an affirmation on one side and a denial on the other, with the circumstances strongly supporting the defendant's version of the transaction. The defendants were corroborated by one Mitchell Bernstein, an architect, who testified in respect of the character of the fixtures which were to be installed in the City Hall; and it is clear that the plaintiff could not deliver, nor did he offer to deliver, the lights called for by the agreement. The O. K. of the architects was only as to the design of the fixtures, and this was far short of what the contract required. The fixtures, instead of being cast, were part spun and part cast, and, instead of each having six lights, each bracket contained but five. The architect further testified that the fixtures were rejected by him.

Assuming, but without deciding, that a valid assignment of the contract to plaintiff was established, he took it cum onere, and he was bound to comply with all its provisions. Despite the fact that the proof falls far short of a compliance with the terms of the agreement, judgment was rendered for the plaintiff for the full amount claimed and costs. This was error. Even if the plaintiff had been entitled to recover upon the proof as made by him, the rule of damages adopted by the court was wholly erroneous. The measure of damages was, not the contract price, but the difference between that price and the value of the property at the time of the breach.

Judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.